**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000337
27-MAY-2014
08:10 AM**

NO. CAAP-14-0000337

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FRANCISCAN VILLAS LLC; PACIFIC ISLAND REALTY LLC,
Claimants-Appellees
v.
ST. FRANCIS RESIDENTIAL CARE COMMUNITY;
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII,
Respondents-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 13-1-0222)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over Respondent-Appellant St. Francis

Residential Care Community's ("Appellant St. Francis Residential

Care Community") appeal from the Honorable Karl K. Sakamoto's

(1)  December 10, 2013 "Findings of Fact, Conclusions
of Law and Order Regarding Claimants' Motion to
Compel Respondents to Participate in Arbitration

Filed on April 29, 2013" (hereinafter "the December 10, 2013 order compelling arbitration"), and

(2) February 3, 2014 order denying Appellant St. Francis Residential Care Community and Respondent-Appellee St. Francis Healthcare System of Hawaii's ("Appellee St. Francis Healthcare System of Hawaii") motion for reconsideration of the December 10, 2013 order compelling arbitration (hereinafter "the February 3, 2014 order denying reconsideration"),

because the December 10, 2013 order compelling arbitration is not an appealable order under the collateral order doctrine and Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2013), and, thus, Appellant St. Francis Residential Care Community is not entitled to appellate review of the February 3, 2014 order denying reconsideration under Rule 4(a)(3) of the Hawaiʻi Rules of Appellate Procedure ("HRAP") and the principle that "[t]he notice of appeal shall be deemed to appeal disposition of all post-judgment motions that are timely filed after entry of judgment or order." HRAP Rule 4(a)(3).

HRS § 658A-28(a)(1) (Supp. 2013) authorizes an appeal from an order <u>denying</u> a motion to compel arbitration:

§ 658A-28. Appeals.
(a) An appeal may be taken from:
  (1) <u>An order denying a motion to compel arbitration</u>;
  (2) An order granting a motion to stay arbitration;
  (3) An order confirming or denying confirmation of an award;
  (4) An order modifying or correcting an award;
  (5) An order vacating an award without directing a rehearing; or
  (6) A final judgment entered pursuant to this chapter.
(b) An appeal under this section shall be taken as from an order or a judgment in a civil action.

HRS § 658A-28 (emphasis added). However, HRS § 658A-28(a) does not authorize an appeal from an order granting a motion to compel arbitration. Therefore, to the extent that the December 10, 2013 order compelling arbitration requires Appellant St. Francis Residential Care Community to participate in arbitration, the December 10, 2013 order compelling arbitration is not appealable pursuant to HRS § 658A-28(a).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgment, orders, or decrees. However, appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure ("HRCP") requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i holds that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On February 20, 2014, the circuit court clerk filed the record on

appeal for appellate court case number CAAP-14-0000337, which does not contain a final judgment. Therefore, the December 10, 2013 order compelling is not yet eligible for appellate review under HRS § 641-1(a).

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848), (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), the December 10, 2013 order compelling arbitration does not satisfy all of the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding certification of an interlocutory order for an appeal).

We note in particular that, in order to qualify for appealability under the collateral order doctrine, interlocutory orders must fall "in that small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Ass'n of Owners of Kukui Plaza v. Swinerton, 68 Haw. 98, 105, 705 P.2d 28, 34 (1985) (internal quotation marks omitted and emphasis added; quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S.

-4-

451, 546 (1949)); see also Abrams, 88 Hawai'i at 321-22, 966 P.2d at 633-34 (regarding the three requirements for appealability under the collateral order doctrine).  Thus, in a case where the trial court's task is to adjudicate the merits of causes of action, an order compelling arbitration qualifies an appealable order under the collateral order doctrine.

For example, the Supreme Court of Hawai'i recently cited Swinerton in support of its holding that, under such circumstances, an "order compelling arbitration . . . is sufficiently 'final' under our collateral order doctrine to be appealable under the general civil matters appeal statute, HRS § 641-1 (Supp. 2005)."  Unidev, 129 Hawaii 378, 380, 301 P.3d 588, 590 (2013) (footnote omitted).  In County of Hawai'i v. Unidev, LLC, the main purpose of the case was to litigate two consolidated cases involving a complaint that "asserted five causes of action, including (1) false claims in violation of HRS § 46-171 (Supp. 2001), (2) intentional misrepresentation, (3) fraudulent inducement, (4) negligent misrepresentation, and (5) negligence" (id. at 381, 301 P.3d at 591 (footnote omitted)), a "counterclaim [that] asserted four counts, including (1) breach of contract . . ., (2) quantum meruit . . ., (3) intentional interference with contract . . ., and (4) fraudulent transfer" (id. at 381-82, 301 P.3d at 591-92), and a second complaint that "alleged causes of action for false claims pursuant to HRS § 46-171 (Count I), intentional misrepresentation (Count III), fraudulent inducement (Count IV), and negligent misrepresentation (Count V) . . . [and] Respondent also alleged a new cause of

-5-

action for unfair and deceptive practices (Count II), declaring that Petitioners violated HRS §§ 480-2 (1993) and 481A-3 (1993) by engaging in several acts." Id. at 382, 301 P.3d at 592. Under these circumstances, the Supreme Court of Hawai'i held that, "under the collateral order doctrine, orders compelling arbitration are appealable final orders." Id. at 392, 301 P.3d at 602 (citation, internal quotation marks, and ellipsis points omitted).[1]

However, the circumstances in Unidev that warranted invocation of the collateral order doctrine were very different from the circumstances in the instant case. In Unidev, the circuit court's task as the trier of fact in a standard civil case was to adjudicate multiple causes of action in two complaints and a counterclaim. In contrast, the instant case involved a special proceeding in which the circuit court's sole task as the trier of fact was to adjudicate the narrow issue whether a dispute was subject to binding arbitration. In the instant case, Claimants-Appellees Franciscan Villas LLC (Appellee Franciscan Villas) and Pacific Island Realty LLC (Appellee

_____

[1]     Similarly, the Hawai'i Intermediate Court of Appeals held that, under the collateral order doctrine, "[a]n order granting a motion to compel arbitration is final and appealable" under circumstances when such an order "is one of that small category of orders which finally determine claims of right separable from and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Sher v. Cella, 114 Hawai'i 263, 266-67, 160 P.3d 1250, 1253-54 (App. 2007) (citation and internal quotation marks omitted; emphasis added). In Sher, the parties were litigating a "complaint [that] contained six counts: (1) misrepresentation and non-disclosure, (2) breach of contract, (3) breach of duty of good faith and fair dealing, (4) negligence, (5) deceptive trade practices, and (6) unjust enrichment." Id. at 266, 160 P.3d at 1253. Thus, when the circuit court entered an order granting a motion to compel arbitration of these causes of action, the Hawai'i Intermediate Court of Appeals held that, under the collateral order doctrine, the "order granting [the] motion to compel arbitration is final and appealable[.]" Id. at 266-67, 160 P.3d at 1253.

Pacific Island Realty) did not initiate their special proceeding in S.P. 13-1-0222 (KKS) by filing a complaint asserting causes of action, but, instead, by filing Appellee Franciscan Villas and Appellee Pacific Island Realty's April 29, 2013 motion to compel Appellant St. Francis Residential Care Community and St. Francis Healthcare System of Hawaii to participate in arbitration, which, in effect, defined the narrow purpose of this special proceeding. Appellee Franciscan Villas and Appellee Pacific Island Realty did not ask the circuit court to adjudicate the merits of any causes of action, but, instead, they asked the circuit court to adjudicate the narrow issue whether their dispute was subject to binding arbitration, and Appellee Franciscan Villas and Appellee Pacific Island Realty specifically prayed for an order compelling arbitration. Consequently, under the circumstances of the instant case, the December 10, 2013 order compelling arbitration directly addresses the central merits of Appellee Franciscan Villas and Pacific Island Realty's April 29, 2013 motion to compel arbitration. Consequently, the December 10, 2013 order compelling arbitration does <u>not</u> satisfy the requirement for the collateral order doctrine that the order must "resolve an important issue completely separate from the merits of the action[.]" <u>Abrams</u>, 88 Hawaiʻi at 322, 966 P.2d at 634 (citations and internal quotation marks omitted). Accordingly, the December 10, 2013 order compelling arbitration is not an appealable order under the collateral order doctrine.

The Supreme Court of Hawaiʻi and the Hawaiʻi Intermediate Court of Appeals have consistently dismissed appeals from circuit court orders granting motions to compel arbitration

-7-

in special proceedings when the circuit courts had not yet reduced the orders to separate judgments, as HRS § 641-1(a) and HRCP Rule 58 require under the holding in Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. See, e.g., Ass'n of Apartment Owners of Ilikai Apartment Bldg. v. SVC-Hawaii, LP, No. CAAP-11-0000044, 2011 WL 2655999 (Haw. Ct. App. July 7, 2011), cert. denied, No. SCWC-11-0000044, 2011 WL 5579014 (Haw. Nov. 16, 2011); Ass'n of Apartment Owners of the Palm Villas at Maua Lani Resort v. Sunstone ML, LLC, No. CAAP-10-0000159, 2011 WL 2150914 (Haw. Ct. App. June 1, 2011); Bowen Hunsaker Hirai Consulting, Inc. v. Turk, No. 30182, 2010 WL 2030615 (Haw. Ct. App. May 21, 2010); Williams v. State Dep't of Land & Natural Res., No. 29115, 2010 WL 1138584 (Haw. Ct. App. March 23, 2010); HGEA, AFSCME, Local 152, AFL-CIO v. Hawaii Health Systems Corp., No. 29661, 2009 WL 1879223 (Haw. Ct. App. June 29, 2009); Shelton v. Kaiser Found. Health Plan, Inc., No. 29754, 2009 WL 1805047 (Haw. Ct. App. June 23, 2009); Clever Const./Inc., v. Alcone, No. 29320, 2008 WL 5049906 (Haw. Ct. App. Nov. 21, 2008); Williams v. Hawai'i Dep't of Land & Natural Resources, No. 29209, 2008 WL 4649397 (Haw. Ct. App. Oct. 17, 2008); Brown v. Hawaii Med. Servs. Ass'n, No. 29117, 2008 WL 3148577 (Haw. Ct. App. Aug. 1, 2008), cert. denied, No. 29117, (Haw. November 17, 2008); Hiatt v. Lois Bus. Dev. Corp., No. 25022 (Haw. June 21, 2002) (no Westlaw citation available); Hiatt v. Lois Business Dev. Corp., No. 25022 (Haw. June 21, 2002). Absent an appealable final judgment in S.P. No. 13-1-0222 (KKS), we lack appellate jurisdiction and Appellant St. Francis Residential Care Community's appeal is premature.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000337 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, May 27, 2014.

Presiding Judge

Associate Judge

Associate Judge